IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ROSE DEBORDE and : | |
| ARSON DEBORDE, : | |
| : | |
| Plaintiffs, : | |
| : | CIVIL ACTION NO. |
| v. : | 1:05-CV-1228-JOF |
| : | |
| KFC U.S. PROPERTIES, INC., : | |
| : | |
| Defendant. : | |

## OPINION AND ORDER

This matter is before the court on Defendant's motion for summary judgment [15] and Plaintiff Arson Deborde's motion to voluntarily dismiss his loss of consortium claim.

**I.    Background**

On April 4, 2005, Plaintiffs, Rose and Arson Deborde, filed suit against Defendant, KFC U.S. Properties, Inc., in the State Court of Fulton County raising claims of negligence and loss of consortium.[1]  On May 9, 2005, Defendant removed this action to the United States

---

[1] The parties have agreed that Plaintiff Arson Deborde will voluntarily dismiss his loss of consortium claim.  The court views this as a motion to voluntarily dismiss the loss of consortium claim by Plaintiff Arson Deborde. The court GRANTS this motion.  Therefore, Defendant's motion for summary judgment with regard to Plaintiff Arson Deborde's claim is DENIED-AS-MOOT.

District Court for the Northern District of Georgia. Defendant filed its motion for summary judgment on July 12, 2006.

This case stems from Plaintiff Rose Deborde's (hereinafter "Plaintiff") visit to Defendant's premisses located in Stockbridge, Georgia on October 4, 2004. During this visit Plaintiff slipped and fell in the women's restroom located on Defendant's premises. Plaintiff slipped and fell at approximately 2:45 p.m. Defendant's stated policy was to inspect the restaurant for hazardous conditions four times every day. In addition, it was Defendant's stated policy that in addition to these general inspections, Defendant tried to inspect the women's restroom every thirty minutes. Despite this policy, the women's restroom sometimes went a full hour between inspections. If one of Defendant's employees encounters water or some other hazardous substance on the restroom floor, it is the policy of Defendant that they address the problem at that time. The cleaning captain on the day of Plaintiff's slip and fall was Ms. Marquita Turner. It was her responsibility to carry out the thirty-minute inspections of the women's restroom.

On the day of the fall, Plaintiff entered Defendant's establishment and immediately headed into the women's restroom. Upon entering the women's restroom stall, the Plaintiff saw a lot of liquid on the restroom floor. It was this liquid on which Plaintiff fell. In describing the hazard, Plaintiff said that it was so much liquid that it "would get the bottom of her socks wet." Apparently, the liquid ran the length of the restroom stall and got deeper

approaching the lavatory. She further states that the amount of liquid she slipped on in the entrance of the stall was three-quarters of an inch deep.

At the time of her fall none of Defendant's employees was present in the restroom. No more than five minutes before Plaintiff's fall, an employee of the Defendant, Janice Gay, used the same restroom. She observed no water or any other substance on the restroom floor. Ms. Gay testified that if she sees "water or something on the floor" in the restroom during her use of the restroom, she cleans it up at that time.

## II.   Discussion

In order to hold Defendant liable for the slip and fall, Plaintiff must establish that Defendant had actual or constructive knowledge of the hazard and that she had no knowledge of the spill or she was hindered in discovering the spill. *Robinson v. Kroger Co.*, 268 Ga. 735, 736 (1997). Here, Defendant does not argue that Plaintiff failed to exercise ordinary care for her own safety. Rather, Defendant contends that Plaintiff has failed to establish that Defendant had actual or constructive knowledge of the hazard.

In *Straughter v. J.H. Harvey Co., Inc.*, 232 Ga. App. 29, 31 (1998), the Georgia Court of Appeals held that where a defendant fails to produce an employee or employees who carried out an inspection of the premises, "OCGA § 24-4-22 allows an inference to be drawn that their testimony would show that they did have actual or constructive knowledge of the hazard but negligently failed to remove it." Relying on this language, Plaintiff contends that as Defendant has not submitted any testimony of Ms. Marquita Turner, the employee tasked

3

with inspecting the restrooms, there is an inference that she had actual or constructive knowledge of the hazardous condition that caused Plaintiff's injuries, and thus an issue of material fact exists. Assuming *arguendo* that this inference exists, this inference is nonetheless rebuttable. *Id.* at 30.

### A.     Actual Knowledge

With regard to the inference regarding Defendant's actual knowledge of the hazard, the court finds that such an inference is rebutted by the testimony of an employee of the Defendant, Janice Gay. Ms Gay was in the same restroom as Defendant no more than five minutes before her fall. She observed no water or foreign substance on the restroom floor. Her presence in the restroom was after the most recent visit of an employee of Defendant to the restroom prior to Plaintiff's fall. This testimony rebuts any inference raised by O.C.G.A. § 24-4-22. Therefore, the court finds that Defendant did not have actual notice of the hazard prior to Plaintiff's fall.

### B.     Constructive Knowledge

Plaintiff may show constructive knowledge of a hazard by Defendant in one of two ways: (1) proof that an employee of Defendant was in the immediate area of the hazard and could have easily seen and removed it prior to the slip and fall; or (2) proof that the hazard had been there for a sufficient length of time that Defendant should have discovered and removed it during a reasonable inspection. *Medders v. Kroger Co.*, 257 Ga. App. 876, 877 (2002).

4

As Plaintiff was alone in the restroom with the restroom door closed when she slipped on the water, she cannot show that Defendant had constructive knowledge by showing that an employee of Defendant was in the immediate area of the hazard.  To withstand a motion for summary judgment using the second method for showing constructive knowledge, "a plaintiff need not show how long a substance has been on the floor unless the defendant has established that reasonable inspection procedures were in place and followed at the time of the incident. *Straughter,* 232 Ga. App. at 30.  However, the Georgia Court of Appeals has stated "that, regardless of any inspection program, when a proprietor has shown that an inspection occurred within a brief period prior to an invitee's fall, we have held that the inspection procedure was adequate as a matter of law." *Medders*, 257 Ga. App. at 878 (citing *Matthews v. The Varsity*, 248 Ga. App. 512, 514 (2001)).

As stated above, Ms. Gay was in the same restroom as the Plaintiff no more than five minutes prior to Plaintiff's fall.  She states unequivocally that there was no water or foreign substance on the floor when she used the restroom.[2]  Plaintiff contends that there is a material

---

[2]     Question: When you went into the restroom at the end of your break, you think there's any chance that there was any presence of water on the floor and you just didn't notice?
Ms. Gay: No, there was not any water on the floor.
Question: You're absolutely certain of that?

Ms. Gay: Positive.

Gay Depo. at 35

issue of fact concerning whether Ms. Gay's personal visit to the restroom can constitute an inspection within a brief period prior to Plaintiff's fall.

In support of her claim, Plaintiff relies solely on *Gilbert v. Automotive Purchasing Service*, 254 Ga. App. 770 (2002). In that case the plaintiff slipped on an unknown substance in an automotive showroom. In that case an employee testified that he inspected the area fifteen minutes before the plaintiff's fall and that the floor was in the same condition after the plaintiff's fall as it was when he inspected it. *Id.* at 772. The plaintiff's testimony stated that she did not see the substance when looking at the floor prior to her fall but noticed a thin film of substance and a streak where her shoe had slid though the film when viewing the floor from a different angle. *Id.* at 770. The plaintiff's husband identified the substance as a cleaning substance which was slippery and dangerous if not swept up. *Id.* Further, the defendant, while contending that it did not use that substance, acknowledged that it had the floors cleaned the night before. *Id.* Relying on the plaintiff's testimony of the presence of a foreign substance and her husband's identification of the substance, the court found that it was up to a jury "to determine whether [the defendant's] employee conducted a cursory and inadequate inspection which failed to disclose the substance upon which [the plaintiff] slipped and whether the substance was discoverable upon a reasonable inspection." *Id.* at 772.

In *Medders*, the plaintiff slipped and fell in a puddle of liquid Pine-Sol about the size of a dinner plate. *Id.* at 877. The store manager testified that she had walked down the aisle approximately five to ten minutes before the plaintiff reported her fall. *Id.* The manager

testified, "[a]s I walk through the store I always look on the aisle." *Id.* She further stated that during her previous walkthrough she did not notice anything on the floor and did not notice any bottles turned over on the shelves.

In *Medders*, the plaintiff tried to discredit the manager's testimony after repeated questioning that it was possible that she did not see the bottle and with her statements that she was in a hurry when walking down the aisle. *Id.* at 878. The Georgia Court of Appeals dismissed the acknowledgment that it was possible as mere speculation after repeated questioning stating that "[f]or an inference to be sufficient to create a genuine issue of fact precluding summary judgment, it must be reasonable and must amount to more than mere speculation, conjecture, or possibility." *Id.* (citing *Butler v. Huckabee,* 209 Ga. App. 761, 762 (1993)). The court also found that the fact that the manager was in a hurry was "not sufficient to raise an issue of fact in light of her direct evidence that she was looking for hazards as she walked down the aisle and the Pine-Sol was not on the floor at that time." *Id.*

The court finds that the facts of this case make it more similar to the facts of *Medders* than the facts of *Gilbert*, specifically with regard to the nature of the hazard. In *Gilbert,* the plaintiff described the hazard as nearly undetectable, a thin film of substance, whereas in *Medders*, the hazard was a puddle of Pine-Sol in the aisle. Here, Plaintiff described the hazard as a lot of liquid, and so much that if she walked back there, it "would get the bottom of her socks wet." Rose Deborde Depo. at 43. Later she testified that the water covered the stall

7

area and seem to get deeper as it approached the commode. *Id.* at 62. She states that the water in the entryway of the stall where she fell was about three-quarters of an inch deep. *Id.* at 63.

The court finds that this hazard was not the sort that was difficult to discern upon entry to the restroom. Rather, as Plaintiff describes the hazard, there was a lot of liquid, three-quarters of an inch deep or deeper that ran the length of the commode which ran parallel to the access to the restroom sink. Ms. Gay states that there was absolutely no liquid in the restroom when she used the restroom and that there was not a possibility that she could not have perceived it. The court finds that any visit to the restroom stall, work related or otherwise, would have revealed the hazard described by Plaintiff.

Therefore, the court finds that Ms. Gay's visit to the restroom was tantamount to an inspection which would have revealed the hazard had it been there at the time of her visit. As Defendant has shown that an inspection happened within a brief period of time prior to Plaintiff's fall, Defendant need not show the reasonable inspection procedure was adequate as a matter of law. Plaintiff has introduced no independent evidence concerning the duration of time that the liquid was on the restroom floor. For these aforementioned reasons, the court cannot find that Defendant had constructive knowledge of the hazard.

As Plaintiff has failed to show that Defendant had either actual or constructive knowledge of the hazard, the court cannot hold Defendant liable for Plaintiff's slip and fall on Defendant's premises. Therefore, the court GRANTS Defendant's motion for summary judgment.

8

### III.  Conclusion

The court GRANTS Plaintiff Arson Deborde's motion to voluntarily dismiss his loss of consortium claim.  The court GRANTS-IN-PART and DENIES-AS-MOOT-IN-PART Defendant's motion for summary judgment [15].

**IT IS SO ORDERED** this 12th day of March 2007.

s/ J. Owen Forrester
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)